319 So.2d 70 (1975)
CRITERION INSURANCE COMPANY, Appellant,
v.
Brigida GUTIERREZ, Appellee.
No. 74-1282.
District Court of Appeal of Florida, Third District.
September 23, 1975.
*71 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and W. Sam Holland, Miami, for appellant.
Harris, Albury & Morgan, Key West, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, appeals an order of the trial court entered August 6, 1974. The order awarded $1,500 to appellee, plaintiff in the trial court, for her attorney's services in connection with obtaining certain personal injury protection benefits (PIP) and other benefits pursuant to an insurance policy between appellant insurance company and appellee governed by the Florida Automobile Reparations Reform Act (hereinafter referred to as the "Act").
Appellant's basic ground on appeal is that the trial court erred in its order awarding attorney's fees by taking into consideration the time expended by appellee's attorney prior to his bringing an action for PIP benefits and after an offer of judgment was filed by appellant. Appellant contends that as of March 6, 1974, it had paid PIP benefits of $3,550.76 to appellee prior to and without the necessity of a suit being filed, and that the trial court improperly took these hours into consideration in its award of attorney's fees to appellee.
With respect to any disputes between the insured and the insurer arising under the Act, § 627.736(8), Fla. Stat., F.S.A., in conjunction with § 627.428, Fla. Stat., F.S.A., provides for the payment of a reasonable sum as attorney's fees to the successful plaintiff-insured, here the appellee.
After a hearing upon appellee's sworn motion for attorney's fees, the circuit judge entered the following order:
"Upon argument by counsel and consideration by the Court of the Sworn Motion For Attorney's Fees, filed by Plaintiff's attorney and the Court having examined the entire Court file and the evidence before it including sworn testimony by the Plaintiff's attorney regarding inter alia, services performed, time and expertise required, novelty of the case, the nature of the suit and the amount in controversy and being otherwise fully advised in the premises,
"It is the finding of this Court that an award of attorney's fees to the Plaintiff's attorney in the amount of $1500.00 constitutes a fair and reasonable attorney's fee in this case, and it is therefore,
"ORDERED and ADJUDGED that the Defendant shall pay to the Plaintiff's attorney the sum of $1500.00 as and for attorney's fees, for which let execution issue.
"DONE AND ORDERED at Key West, Monroe County, Florida on August 6, 1974.
 (s) _______
 Circuit Judge"
After a careful review of the record in the instant appeal and in view of § 627.736(8), we are unable to ascertain that the trial judge considered any improper evidence in entering the order of August 6, 1974 awarding an amount of $1500.00 to appellee for attorney's fees.
We have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.