439 So.2d 217 (1983)
Donald L. WOLLARD, Petitioner,
v.
LLOYD'S AND COMPANIES OF LLOYD'S, Respondents.
No. 62857.
Supreme Court of Florida.
October 6, 1983.
Tod Aronovitz of Marks, Aronovitz & Leinoff, Miami, for petitioner.
William McCarthy of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, for respondents.
EHRLICH, Justice.
This cause is before this Court because of direct and express conflict between the holding of the Third District, Lloyd's and Companies of Lloyd's v. Wollard, 420 So.2d 940 (Fla.3d DCA 1982), and decisions of all four other district courts of appeal. Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980); Smolder v. Ford Life Insurance Co., 361 So.2d 222 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 458 (Fla. 1979); Cincinnati Insurance Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974); Employers' Liability Assurance Corp. v. Royals Farm Supply, Inc., 186 So.2d 317 (Fla. 2d DCA 1966). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the holdings of the majority of the district courts of appeal and so quash the holding of Wollard, and disapprove American Home Assurance Co. v. Keller Industries, 347 So.2d 767 (Fla. 3d DCA 1977), cert. dismissed, 367 So.2d 1124 (Fla. 1979), upon which it relies.
The facts of this case are analogous to those in the cases cited from the other districts. Wollard suffered a loss and brought a claim against his insurer, Lloyd's and Companies of Lloyd's, which denied *218 coverage. Wollard retained an attorney and filed suit. On the eve of trial, the parties agreed to a settlement of the claim but stipulated that the matter of any award of attorney's fees would be submitted to the trial court. The trial court awarded Wollard attorney's fees and costs. Lloyd's appealed and the district court reversed, stating as the controlling rule of law: "A negotiated settlement between an insured and his insurer does not entitle the insured to attorney's fees pursuant to Section 627.428, Florida Statutes (1979)." 420 So.2d at 941.
The Third District first adopted this rule in Keller Industries, interpreting the statute[1] to require entry of a judgment in favor of the insured on the claim under the insurance policy as a condition precedent to the award of attorney's fees. Thus, in the absence of a judgment in favor of the insured, the appellate court ruled that the trial court is without jurisdiction to award attorney's fees.
The Third District acknowledged the decision of the Fourth District in Cincinnati Insurance Co. v. Palmer. The Fourth District quoted the language of the statute but reasoned:
On the other hand, it is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of final judgment... . We think the statute must be construed to authorize the award of an attorney's fee to an insured or beneficiary under a policy or contract of insurance who brings suit against the insurer after loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment can be rendered. After all, such voluntary payment is the equivalent of a confession of judgment against it.
297 So.2d at 99.
We agree for the reasons expressed by the Fifth District in adopting the holding of Palmer.
[T]he statutory obligation for attorney's fees cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation.
Gibson v. Walker, 380 So.2d at 533.
When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest  the insured's, the insurer's or the public's  and discourages any attempt at settlement. This literal requirement of the statute exalts form over substance to the detriment of public policy, and such a result is clearly absurd. It is a basic tenet of statutory construction that statutes will not *219 be interpreted so as to yield an absurd result. Dorsey v. State, 402 So.2d 1178 (Fla. 1981); State v. Webb, 398 So.2d 820 (Fla. 1981); Austin v. State ex rel. Christian, 310 So.2d 289 (Fla. 1975).
The Third District, in Keller Industries, attempted to distinguish the situation then before it from that addressed by the Fourth District in Palmer by pointing out that Keller Industries had been dilatory in the prosecution of the claim and the impetus toward settlement had come from the insurance company being sued. Such is clearly not the case between Wollard and Lloyd's, but even if it were, we think the issue has more bearing on the reasonableness of attorney's fees to be awarded rather than on the prevailing insured's entitlement thereto.[2]
Accordingly, we quash the holding of the Third District in Wollard and in so doing we disapprove Keller Industries and approve the holdings of the other district courts of appeal.
It is so ordered.
ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion.
ALDERMAN, Chief Justice, dissenting.
As a matter of policy, I could agree with this result. I dissent because the express language of the statute appears to require a contrary result.
NOTES
[1] 627.428 Attorney fee. 

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer.
(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
[2] The Fifth District in Gibson does not expressly address the requirement that the insurance company unreasonably withhold payment under the policy as a condition precedent to the award of attorney's fees. Recognition of this threshold issue is implicit, however, in the district court's instruction on remand that the trial court inquire anew into the necessity of the legal services rendered as well as their reasonable value. 390 So.2d at 533.