PER CURIAM.
This appeal is brought from an order denying attorney’s fees.
Owing to a clerical error, the insurer’s agent prepared an application which inaccurately described the automobile to be insured. Ortega was involved in an automobile accident on June 6, 1989. When he applied for PIP benefits the insurer balked, asserting that the auto involved in the accident, a 1977 Chevrolet, was not the insured vehicle, a 1976 Ford. Ortega responded in March 1990, that he had never owned a 1976 Ford.
On May 4, 1990, Ortega’s attorney made another futile demand on the insurer for benefit payments. This action was commenced on May 25th — a few days before the statute of limitations would have *75 barred a lawsuit. Several months into discovery the insurer learned of its mistake, reformed the contract, and promptly paid the claim. Ortega’s counsel made a claim for statutory fees. Fortune opposed the claim on grounds that it had paid the claim within thirty days after it confirmed that its agent had made a mistake in filling out the insurance application form.
We agree with the insured that the insurer was obligated to pay within thirty days after a demand for payment was presented along with a proof of loss. The insurer was not misled or otherwise hampered by the insured in its investigation of the case. It could have, and should have, completed its investigation before the lawsuit was filed. Payment of the claim, after the lawsuit had been filed, was tantamount to a confession of error which triggered the obligation to also pay attorney’s fees. Wollard v. Lloyds and Companies, 439 So.2d 217 (Fla.1983).
Reversed and remanded.