DELL, Judge.
USAA Casualty Insurance Company (“USAA”) appeals the trial court’s award of attorney’s fees to Dr. Richard Keller (“Keller”). USAA contends that the trial court erred by awarding fees pursuant to section 627.428, Florida Statutes (1993), because Keller did not accept an assignment of benefits, and pursuant to section 627.736(5), Florida Statutes, because Keller was not a prevailing party in arbitration. We reverse the award of attorney’s fees.
Michael R. Romm (“Romm”) was injured in an automobile accident. He filed suit claiming that USAA failed to pay Keller’s medical bills in accord with his personal inju *406 ry protection coverage. USAA filed an answer and a third party complaint against Keller[1] seeking arbitration to determine the reasonableness of Keller’s medical fees. USAA alleged that Keller accepted an assignment of benefits from Romm. Keller answered and filed affirmative defenses stating that he did not take an assignment of benefits from Romm, as provided in Chapter 627, Florida Statutes. Thereafter, USAA paid Keller’s bill for services rendered to Romm.
Keller filed a motion for attorney’s fees claiming that although he did not accept an assignment of benefits, he received a partial or implied assignment. USAA moved to strike arguing that Keller only denied accepting an assignment of benefits to avoid arbitration. The trial court awarded $4,000 in fees to Keller.
USAA contends that the trial court erred by awarding attorney’s fees pursuant to section 627.428, Florida Statutes, because Keller did not accept an assignment of benefits. Section 627.428(1) provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or the beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. “[A]n award of attorney’s fees under Section 627.428(1) is available only to the contracting insured, the insured’s estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured.” Roberts v. Carter, 360 So.2d 78, 79 (Fla.1977)(footnotes omitted); see also Safeco Ins. Co. of America v. Albriza, 365 So.2d 804, 806 (Fla. 4th DCA 1978).
An assignment is defined as “a transfer or setting over of property or of some right or interest therein, from one person to another. It is the act by which one person transfers to another, or causes to vest in another, his right of property or interest therein.” 4 Fla. Jur.2d, Assignments Sec. 1 (1978).
State Farm Fire and Cas. Co. v. Ray, 556 So.2d 811, 812 (Fla. 5th DCA 1990).
Here, Keller specifically stated that he did not accept an assignment of benefits from Romm. Although he accepted payment directly from USAA, there was no assignment to Keller of Romm’s right to receive payments. The trial court erred by awarding him attorney’s fees pursuant to section 627.428, Florida Statutes.
USAA also contends that the trial court erred by awarding attorney’s fees pursuant to section 627.736(5), Florida Statutes, because neither party prevailed in arbitration. Section 627.736(5) provides:
Every insurer shall include a provision in this policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of benefits. The provision shall specify that the provision of Chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney’s fees and costs.
§ 627.736(5), Fla, Stat. (Supp.1994). Keller asserts that he prevailed because the trial court did not order arbitration with USAA.
Statutes that allow for an award of attorney’s fees should be strictly construed. Roberts, 350 So.2d at 79. Interpretation of statutes requires giving consideration to every clause and providing meaning and harmony to all of its parts. Acosta v. Richter, 671 So.2d 149, 153-54 (Fla.1996). Section 627.736(5), Florida Statutes, requires insurers to include provisions for binding arbitration in their policies. Because the trial court did not order arbitration, there could be no *407 prevailing party to an arbitration hearing and no award of attorney’s fees pursuant to section 627.736(5), Florida Statutes.
REVERSED.
GROSS, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. USAA also included the following entities in its third parly complaint: University Chiropractic, Inc., Imperial Point Medical Center, and Ortho-paedic Center of South Florida.