JORGENSON, J.
A medical provider appeals an order dismissing its complaint for statutory attorneys’ fees. The trial court dismissed the complaint with prejudice relying on USAA Casualty Insurance v. Romm, 712 So.2d 405 (Fla. 4th DCA 1998). Due to the conflict among judges within the Eleventh Circuit, the trial court also certified the following question as one of great public importance:
Is a medical provider who has accepted assignment of PIP insurance benefits entitled to an award of statutory attorneys fees as a prevailing party at arbitration pursuant to Section 627.736(5) Florida Statutes, where the medical provider, through its attorney, serves a demand for arbitration by way of certified mail upon the insurer and where the insurer thereafter tenders full payment of benefits together with statutory interest subsequent to receipt of the demand for arbitration?
For the following reasons, we reverse and answer the certified question in the affirmative.
This is a consolidation of two cases. Marcos Santiago and Antonio Suarez were injured in two unrelated automobile accidents. The insurer, State Farm, provided personal injury protection coverage for Santiago and the driver of the vehicle in which Suarez was riding. Both Santiago and Suarez received medical services from Central Magnetic, the medical provider. In return for these medical services, both insureds assigned their rights to PIP benefits to the medical provider. Because the insurer failed to pay the medical provider within the statutory prescribed time, the medical provider demanded arbitration pursuant to section 627.736(5), Florida Statutes (1997). When the insurer received the arbitration demand, it paid the PIP benefits but refused to include attor *407 neys’ fees in the amount. The medical provider then filed suit to compel payment of attorneys’ fees. The insurer moved to dismiss the complaint because there had not been an arbitration and, therefore, no prevailing party was entitled to attorneys’ fees.
The trial court erred in relying on Romm. In Romm, the medical provider admitted that he did not accept an assignment of benefits from the insured. Id. at 406. Therefore, section 627.736(5) was not invoked. Also, no arbitration appears to have been initiated; the trial court did not order arbitration. Id. Here, the medical provider initiated the arbitration process by sending the insured an arbitration demand letter.
It is well settled in Florida that “[w]hen the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured.” Wollard v. Lloyd’s and Cos. of Lloyd’s, 439 So.2d 217, 218 (Fla.1983); see also Avila v. Latin American Property & Cas. Ins. Co., 548 So.2d 894 (Fla. 3d DCA 1989); Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 579 (Fla. 1st DCA 1993). Cf. Allstate Ins. Co. v. Ivey, 728 So.2d 282, 283 (Fla. 3d DCA 1999) (failing to pay entire claim due to an error in doctor’s bill “does not rise to that level of ‘wrongness’ which would entitle [the insured] to an award of attorney’s fees.”). A dispute arose when the insurer failed to pay the medical bills within the statutory period and the medical provider sent an overdue bill to the insurer for these medical expenses. The medical provider’s arbitration demand letter commenced this action. The insurer’s subsequent payment of the PIP benefits acted as a settlement of the action. Therefore, the insured’s payment is equivalent to a confession of judgment, and the medical provider is the prevailing party under section 627.736(5), Florida Statutes.
An insurer cannot escape the penalty of attorney’s fees simply by ignoring an outstanding medical bill, paying it when an arbitration demand is made and then arguing that arbitration was not held because full payment of benefits was subsequently made. See Cincinnati Ins. Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974) (“It is neither reasonable nor just that an insurer can avoid liability for statutory attorney’s fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment.”). This, in effect, would toll the insurer’s obligation to pay benefits within the statutory time period.
We answer the certified question in the affirmative and reverse the trial court’s dismissal of the medical provider’s complaint with prejudice.
REVERSED.