774 So.2d 742 (2000)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Carmen CHAPLE, Appellee.
No. 3D00-614.
District Court of Appeal of Florida, Third District.
November 15, 2000.
Rehearing Denied December 20, 2000.
*743 Ross & Hardies and Peter J. Valeta; Rumberger, Kirk & Caldwell and David B. Shelton, Orlando, for appellant.
John H. Ruiz and Maloy Castro Morales, Miami; Alvarez & Alvarez-Zane, Miami; Robles & Gonzalez, Miami, for appellee.
Before JORGENSON and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Allstate Insurance Company appeals the lower court's order granting partial summary judgment as to liability in favor of Plaintiff/Class Representative Carmen Chaple. We reverse.
Chaple sued Allstate alleging a violation of section 627.736(7)(a), Florida Statutes (1997), because Allstate allegedly failed to pay medical bills under PIP coverage without first obtaining a report based on an independent medical examination (IME). Chaple further alleged that Allstate owed interest pursuant to section 627.736(4), Florida Statutes (1997), on those allegedly wrongfully unpaid PIP benefits.
The trial court certified a class on the IME issue. Allstate appealed that certification order, which this Court affirmed in Case No. 3D99-01896. Allstate's motion for reconsideration of that ruling, based on Nationwide Mutual Fire Insurance Co. v. Southeast Diagnostics, Inc., 766 So.2d 229 (Fla. 4th DCA 2000), holding that a report based on an IME is not required by section 627.736(7)(a), was denied by this Court on April 19, 2000.
While that appeal was pending, Allstate tendered payment to Chaple of all amounts claimed on her individual PIP benefit claim, plus applicable statutory interest under section 627.736(4). That tender was accompanied by a letter from Allstate's counsel explaining that Allstate was making payment of Chaple's individual claim only because of this Court's then recent decision in Perez v. State Farm Fire & Casualty Co., 746 So.2d 1123 (Fla. 3d DCA 1999), review granted sub nom., United Auto. Ins. Co. v. Rodriguez, 767 So.2d 464 (Fla. May 18, 2000), where this Court held that under section 627.736(4)(b) an insurer forfeited its defenses to PIP claims based on grounds of reasonableness, relatedness or necessity where the insurer failed to obtain, within thirty days of receiving notice of the PIP claim, "reasonable proof" that the claim was not covered. Apparently, Allstate recognized that regardless of how the IME issue was resolved, under this Court's interpretation of section 627.736(7)(a) in Perez, Allstate would still be liable to Chaple individually.
Chaple then filed a motion for summary judgment on liability as to the IME class, *744 the Interest Class, and a class based on Perez. The trial court ruled that the letter from Allstate's counsel and the payment constituted a "confession of judgment" of liability in favor of the entire IME class. Allstate now appeals this summary judgment order which determined liability in favor of Chaple and the certified IME class.
Allstate argues that the trial court erred in granting summary judgment to the class because Allstate's payment of Chaple's individual claim does not constitute a confession of judgment in favor of the IME class. We agree.
Courts have recognized under Federal Rule of Civil Procedure 23, which Florida has adopted, see rule 1.220, Fla. R. Civ. P., that named plaintiffs and other class members may settle their claims individually even after class certification, so long as the settlement is not unfair and does not impinge on the substance of the nonsettling plaintiffs' claims. See In re Shell Oil Refinery, 152 F.R.D. 526, 535-36 (E.D.La.1989); Vernon J. Rockier & Co., Inc. v. Minneapolis Shareholders Co., 425 F.Supp. 145, 149-50 (D.Minn.1977); Chrapliwy v. Uniroyal, Inc., 71 F.R.D. 461, 464 (N.D.Ind.1976); Rodgers v. United States Steel Corp., 70 F.R.D. 639, 642-43 (W.D.Pa.1976). Thus, payment of Chaple's individual claim, even if deemed a confession of judgment in her favor, does not become a confession of judgment in favor of the entire IME class. In fact, Chaple cites no case for the proposition that paying the individual class representative's claim or confessing judgment to that individual claim constitutes confessing judgment to the entire class, nor have we found any case that supports that proposition.
Furthermore, this is not a scenario, as Chaple contends, where the insurance company tries to "pick off" the named class representative. Courts have recognized that although tender of a settlement to the named plaintiffs by the defendant may raise a question as to the adequacy of representation, it does not automatically render moot the claims of a certified class. See Susman v. Lincoln Am. Corp., 587 F.2d 866, 870 (7th Cir.1978); see also Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); Goetz v. Crosson, 728 F.Supp. 995, 999-1000 (S.D.N.Y.1990). Where the defendant pays the named plaintiffs individual claim in full after the class has been certified, as in this case, the class representative may still be able to press the claim on behalf of the absent class members. See Sosna; Susman; Goetz. Otherwise, adequate representation would not be an issue, as Chaple contends, if individual settlement automatically meant class settlement.
Moreover, we agree with Allstate that the result urged by Chaple undermines the public policies in favor of settlement recognized by the Florida Supreme Court in Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218 (Fla.1983). Where the court stated, "[r]equiring the plaintiff to continue litigation in spite of an acceptable offer of settlement ... puts an unnecessary burden on the judicial system, fails to protect any interestthe insured's, the insurer's or the public'sand discourages any attempt at settlement." Wollard, 439 So.2d at 218. The court further stated about the statute at issue in that case, "[t]his literal requirement of the statute exalts form over substance to the detriment of public policy, and such a result is clearly absurd." Wollard, 439 So.2d at 218. As Allstate points out in its brief, for fear of conceding a classwide liability, defendants would be unable to pay acknowledged debts to the class representative, which would delay the class representative's receipt of money on an undisputed claim and would cause the defendant to incur costs, fees and the risk of liability for bad faith or punitive damages for failing to pay the now undisputed claim of the class representative.
Although we do not find it is necessary in order to reverse the trial court's decision, we believe Allstate's second point *745 on appeal merits some discussion because it is persuasive. Allstate argues that the trial court erred in granting summary judgment to the class on the basis of Allstate's payment of Chaple's individual claim because if the confession of judgment is applied to the whole IME class, it must be either limited to its terms of $10,683.84 or it is void. We agree that if a confession of judgment is applied to the whole IME class, it must be limited to $10,683.84.
Allstate claims there is no legal basis for ignoring the express terms of Allstate's letter offering payment to Chaple individually and enclosing a check for $10,683.84, on the limited basis of the Perez holding. Rule 1.442 provides the mechanism for a party to attempt to settle an opposing party's claim and "applies to all proposals of settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." Fla. R. Civ. P. 1.442(a). The rule expressly provides that a defendant may limit its offer to settle by naming the party or parties to whom the proposal is being made, identifying the claim or claims the proposal is attempting to resolve, and stating the total amount of the proposal. Fla. R. Civ. P. 1.442(c)(2)(A),(B),(D). The rule further states that "[a] proposal may be made to any party or parties and to any combination of parties properly identified in the proposal." Fla. R. Civ. P. 1.442(c)(3).
In this case, Allstate expressly declined to admit anything beyond its liability to Chaple individually, based on the Perez issue, for the amount of $10,683.84, plus costs and attorneys' fees. There was no admission of liability on any element of the IME class claim, and there was no confession of the IME class claim or `any class claim. In addition, under Wollard, an insurer's voluntary payment after commencement of litigation is considered the functional equivalent of a confession of judgment or a verdict by a jury. Here, Allstate confessed to a judgment in the amount of $10,683.84 plus costs and fees. If we accept Chaple's reasoning, this would mean that the entire class's claim was resolved for $10,683.84 plus costs and fees, and basically, that the confession of judgment on the Perez issue was a confession of judgment on the IME class issue, without regard to the amount of the judgment that was confessed as well as the express limitations of Allstate's confession. This would not be logical nor in accord with Wollard.
In light of the foregoing, we decline to address points three and four of Allstate's brief, as we deem them unnecessary to the determination of this appeal.
Reversed and remanded.