800 So.2d 245 (2001)
ALLSTATE INDEMNITY COMPANY, Appellant,
v.
Leandro DE LA ROSA, Appellee.
No. 3D00-1966.
District Court of Appeal of Florida, Third District.
September 12, 2001.
Rehearing and Rehearing Denied December 12, 2001.
Ross & Hardies and Peter J. Valeta, Chicago, IL; Rumberger, Kirk & Caldwell and David B. Shelton, Orlando, for appellant.
John H. Ruiz, Miami, for appellee.
Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied December 12, 2001.
PER CURIAM.
Allstate Indemnity Company appeals from the trial court's non-final order *246 granting class certification and naming Leandro de la Rosa the Class Representative. We affirm.
De la Rosa filed a class action complaint in November 1999 in which he alleged that Allstate, his PIP insurer, violated section 627.736, Florida Statutes (Supp.1996) by failing to pay 80% of his medical bills without first obtaining either a report of a physician who performed an independent medical examination or a record review justifying the reduced payment of those bills, and by failing to pay statutory interest after declining to provide PIP benefit payments within 30 days of being given notice of the loss.
Allstate admitted liability as to de la Rosa and tendered a check for $87.46, purportedly for the balance of the PIP payment plus statutory interest; Allstate also admitted plaintiff's entitlement to attorney's fees. De la Rosa refused the tender, claiming the payment failed to include all principal and interest payments plus prejudgment interest on the accrued interest. Following a hearing, the court granted plaintiffs motion for certification as to two classes and abated ruling on certification of yet one more class.[1]
After thoroughly reviewing the record and the case law it is apparent that the trial court did not abuse its discretion in granting class certification. See Amedex Ins. Co. v. Tothe, 794 So.2d 630 (Fla. 3d DCA 2001); Shoma Dev. Co. v. Vazquez, 749 So.2d 1287 (Fla. 3d DCA 2000); Oce Printing Sys. USA, Inc. v. Mailers Data Servs., Inc., 760 So.2d 1037 (Fla. 2d DCA 2000); Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852 (Fla. 3d DCA 1997); Sears, Roebuck and Co. v. Labora, 670 So.2d 1025 (Fla. 3d DCA 1996); Broin v. Philip Morris Cos., Inc., 641 So.2d 888 (Fla. 3d DCA 1994), review denied, 654 So.2d 919 (Fla.1995).
Furthermore, the court properly named Leandro De La Rosa class representative. Contrary to Allstate's argument on appeal, De La Rosa's claim for damages remains viable despite Allstate's tenders of payment.[2] Although an insurer may recognize that it has made errors and may then try to correct them prior to class certification, see Taran v. Blue Cross Blue Shield of Florida, Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997), it cannot simply try to "pick off" the named class representative. See Ramon v. Aries Ins. Co., 769 So.2d 1053 (Fla. 3d DCA 2000); State Farm Mut. Auto. Ins. Co. v. Kendrick, 780 So.2d 231, 232 n. 1 (Fla. 3d DCA 2001). In Ramon, the plaintiff/purported class representative "conceded that all of his medical providers had been paid in full, with interest, and that he was due no money from the insurer." Ramon v. Aries Ins. Co., 769 So.2d at 1054. In this case, however, the record is clear that Allstate has failed to pay De La Rosa's alleged claim in full. During the pendency of this appeal Allstate offered to pay de la Rosa an additional amount; he declined the offer. Even if Allstate were to pay his claim in full after the class was certified, "the class representative may still be able to press the claim on behalf of the absent class members." Allstate Ins. Co. v. Chaple, 774 So.2d 742, 744 (Fla. 3d DCA 2000).
AFFIRMED.
NOTES
[1] The court's thorough ten-page Order Granting Class Certification defines the three classes in detail, and provides that "[s]ubclasses may be created in the future if necessary."
[2] Our decision does not address the merits of any of the claims raised.