847 So.2d 987 (2003)
MAGNETIC IMAGING SYSTEMS, I, LTD., Appellant,
v.
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellee.
No. 3D02-888.
District Court of Appeal of Florida, Third District.
March 12, 2003.
Rehearing and Clarification Denied May 28 and July 9, 2003.
*988 John G. Crabtree, Key Biscayne; Zebersky & Payne and Edward H. Zebersky, Hollywood; Keith Hope, Tallahassee; Sheftall & Torres and Brian Torres, Miami, for appellant.
Weinstein, Bavly & Moon and Alvin N. Weinstein; Arthur J. Morburger, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY, and WELLS, JJ.
Rehearing En Banc and Clarification Denied May 28 and July 9, 2003.
WELLS, J.
Magnetic Imaging Systems I, Ltd. ("Magnetic") appeals a final summary judgment in favor of Prudential Property & Casualty Insurance Company ("Prudential") in which the lower court found that Magnetic was not entitled to a fee award. We disagree and reverse.
Magnetic is a medical service provider that accepts assignment of PIP insurance benefits from its patients. As the assignee of such benefits, Magnetic is entitled to receive PIP payments directly from insurers. On April 18, 1995, Magnetic filed suit against Prudential Insurance Corporation of America ("Prudential of America"), alleging that the insurer had regularly failed to pay interest on late-paid PIP benefits as required by sections 627.736(4)(b) and (c), Florida Statutes (1995).[1]
Magnetic brought suit as the assignee of one of its patients and, as a putative class representative, sought to certify a class consisting of two subgroups: (1) individual insureds to whom interest on late PIP benefits had not been paid; and (2) medical-provider assignees (like itself) to which interest on late PIP benefits had not been paid. After a little more than a year of litigation, Prudential of America moved for summary judgment, arguing that Prudential, not Prudential of America, had issued the insurance policy involved in the action, and that Prudential had timely paid the patient-assignor's benefits as mandated by section 627.736(4)(b). Rather than ruling on the motion for summary judgment, the lower court permitted Magnetic to amend its complaint to substitute Prudential for Prudential of America and to substitute a different patient-assignor, Felix Gentile (whose PIP benefits presumably had not been timely paid), for the patient-assignor named in the original complaint.
Upon substitution, Prudential promptly moved to compel arbitration claiming that disputes "between the insurer and any person providing medical services ... [who] has agreed to accept assignment of [PIP] benefits" had to be arbitrated under section 627.736(5), Florida Statutes (1995). *989 The request was granted; but, before arbitration could begin, two things occurred. First, in August 1998, Prudential tendered a check for $22.12, the amount purportedly due as interest on Mr. Gentile's late-paid benefits. Second, in February 2000, the Florida Supreme Court held that the provision pursuant to which the action had been referred to arbitration, section 627.736(5), was unconstitutional. See Nationwide Mut. Fire Ins. v. Pinnacle Med., Inc., 753 So.2d 55 (Fla.2000). Consequently, and at Magnetic's request, the trial court's previous orders compelling arbitration were vacated, and the matter was returned to circuit court.
Following a skirmish over whether the action should be dismissed for lack of prosecution while the arbitration was pending, Prudential moved for summary judgment claiming that the forms executed by Magnetic's assignor did not constitute a valid assignment. Prudential also argued that its tender of payment extinguished the entire claim.
On February 27, 2002, the lower court entered final summary judgment in Prudential's favor, concluding that the action should have been dismissed following Prudential's tender of interest due on the late-paid benefits without provision for payment of Magnetic's attorney's fees, because: (1) Magnetic had inappropriately sought to litigate rather than arbitrate as mandated by section 627.736(5); and (2) Magnetic had incurred no fees between the time arbitration was ordered and the time payment was tendered. For the following reasons, we disagree and reverse.
In Central Magnetic Imaging v. State Farm Mut. Auto. Ins. Co., 745 So.2d 405, 407 (Fla. 3d DCA 1999), this court held that an insurer's payment of PIP benefits demanded by a medical provider assignee following commencement of arbitration constituted a settlement which "is equivalent to a confession of judgment," entitling the assignee to an award of attorney's fees as the prevailing party under section 627.736(5). This court also rejected the notion that an insurer could escape a fee award under 627.736(5) by holding out until an arbitration demand is made, and then paying benefits before action is taken in the arbitration proceeding:
An insurer cannot escape the penalty of attorney's fees simply by ignoring an outstanding medical bill, paying it when an arbitration demand is made and then arguing that arbitration was not held because full payment of benefits was subsequently made.
Id. (citation omitted).
The fact that little occurred following referral of this case to arbitration did not, therefore, negate Magnetic's entitlement to a fee award. Moreover, Magnetic's entitlement to a fee award was not limited to recovering for services rendered only after arbitration was ordered. See Criterion Ins. Co. v. Gutierrez, 319 So.2d 70 (Fla. 3d DCA 1975) (affirming an award of fees for services incurred both before an action to recover PIP benefits was filed and after an offer of judgment was made). Accordingly, Prudential's tender of payment entitled Magnetic to a fee award.
The Florida Supreme Court's invalidation of section 627.736(5), and its prevailing party fee provision, does not change this result. Section 627.428(1), Florida Statutes (2002), provides that in any dispute "which leads to judgment against the insurer in favor of the insured, attorney's fees shall be awarded to the insured." Ivey v. Allstate Ins. Co., 774 So.2d 679, 684 (Fla.2000). As the Florida Supreme Court has explained, current PIP law (as evidenced by sections 627.428(1) and 627.736(8)) "is outcome-oriented. If a dispute arises between an insurer and an *990 insured, and judgment is entered in favor of the insured, he or she is entitled to attorney's fees." Id. at 684. Where an insurer makes payment of a claim after suit is filed, but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to an attorney's fee award. See id. at 684-85. These general principles apply not only to disputes between insurers and their insureds, but also to disputes between insurers and those like Magnetic, to whom PIP benefits have been assigned. See § 627.736(8), Fla. Stat. (2001) (confirming that section 627.428 applies to disputes "between an assignee of an insured's rights and the insurer"); Superior Ins. Co. v. Libert, 776 So.2d 360, 365-66 (Fla. 5th DCA 2001)(finding that an assignee of an insured's PIP benefits was entitled to attorney's fees under section 627.428(1), where the insurer paid the benefits after suit was filed); see also Roberts v. Carter, 350 So.2d 78, 79 (Fla.1977)(noting that attorney's fees are available under section 627.428(1) to assignees of an insured). Magnetic was entitled to a fee award.
We also find no merit in Prudential's argument that the forms executed by Magnetic's assignor did not constitute a valid assignment of benefits. This is especially so since Prudential obtained an order compelling Magnetic, as assignee, to arbitrate by affirmatively alleging that arbitration was mandatory "between the insurer and any person providing medical services ... [who] has agreed to accept assignment of [PIP] benefits."
Accordingly, the summary judgment denying Magnetic a fee award is reversed and this cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Sections 627.736(4)(b) and (c), Florida Statutes (1995), in pertinent part provided:

(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same....
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year.