KLEIN, J.
Appellant’s car was repossessed and sold, and she filed this class action against the lender, alleging that it failed to comply with the notice requirements of the UCC. The trial court granted the lender’s motion for summary judgment, but we reverse because of the insufficiency of the notice. We also find a settlement offer for the full amount plaintiff sought did not make the class action moot.
The notice provided by the lender failed to include a number of requirements found in section 679.614(l)(a) and section 679.613(1), such as whether the sale was public or private, or where or when the sale would be held. The lender argues that if the notice was not in compliance with the UCC, plaintiff had received actual notice of the sale through conversations between her and the director of collections for the lender. The case relied on by the lender to support its argument that the oral notice would remedy any deficiencies in the written notice, Bondurant v. Beard Equipment Co., 345 So.2d 806 (Fla. 1st DCA 1977), was decided before the legislature enacted the current statutes requiring written notice, and is no longer good law. The court accordingly erred in entering a summary judgment in favor of the lender.
Nor do we agree with the lender’s argument that its unaccepted settlement offer for the full amount of plaintiffs claim, a practice which is known as “picking off’ a class representative, made this case moot. Neither Florida nor the federal courts sanction that practice. Allstate Indem. Co. v. De La Rosa, 800 So.2d 245 (Fla. 3d DCA 2001); Weiss v. Regal Collections, 385 F.3d 337 (3d Cir.2004). Reversed.
SHAHOOD, C.J. and DAMOORGIAN, J., concur.