[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15726
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00069-CV-ORL-18-KRS

STEVEN G. MILES, M.D.,

Plaintiff-Appellant,

versus

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Steven G. Miles, M.D., was a practicing interventional radiologist. In early 2006, Miles was diagnosed with a disease that affected his ability to work. In June

2006, he submitted a claim for total disability benefits to his occupational disability insurer, Provident Life and Accident Insurance Company ("Provident"). Provident acknowledged Miles's claim and undertook an investigation of the claim that lasted about six months. During the investigation, Miles responded to Provident's requests for information and provided claim documentation. On December 1, 2006, Provident denied Miles's claim for total disability benefits. When Miles disputed the denial of his claim, Provident undertook a review of the decision. Despite communications from Provident to Miles in both May 2007 and July 2007 saying that the company would conclude the review process within thirty days, Provident made no decision on its review of Miles's claim in 2007.

At the end of November 2007, one year after his claim was denied, Miles filed suit against Provident in a Florida state court, seeking total disability benefits under the policy and attorney's fees pursuant to section 627.428, Florida Statutes. Provident removed the case to federal court. Provident's answer to the complaint denied (among other things) that Miles was totally disabled and denied that he was entitled to attorney's fees. On February 8, 2008, while the lawsuit was still pending, Provident sent Miles a letter reversing its earlier denial of his claim and acknowledging that Miles was totally disabled under the policy. Thereafter, Provident paid Miles total disability benefits under the policy.

Miles moved for summary judgment on his attorney's fees claim. Provident opposed Miles's motion and filed a cross-motion for summary judgment. The district court denied Miles's motion and granted Provident's motion, finding that Miles was not entitled to attorney's fees because Provident's initial denial of his claim was not wrongful. Miles appeals.

## II.  ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

We review the district court's decision that Miles is not entitled to attorney's fees. Miles argues that the district court erred because, where an insured brings suit to challenge an insurer's denial of his claim and then the insurance company pays the claim, the insured is entitled to attorney's fees under section 627.428(1), Florida Statutes. Miles also argues that the district court erred in relying on inadmissible documents submitted by Provident in support of its motion.

Provident defends the district court's ruling and argues, as it did in the district court, that an insurer is not liable for an insured's attorney's fees unless it denied the insured's claim unreasonably or in bad faith. Provident argues that the documents attached to its motion were admissible and that, in any event, the district court did not rely on those documents.

## III. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g., Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

## IV. DISCUSSION

The Florida statute at issue in this appeal states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). It is well settled in Florida law that no actual judgment or decree is necessary if, when an insured must sue an insurance company on a disputed claim, the insurance company subsequently agrees to pay the claim. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218 (Fla. 1983). "[T]he payment of the

claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Id.* Under those circumstances, the insured is entitled to attorney's fees pursuant to the statute. *Id.* at 218-19.

Provident argues that the district court did not err in entering judgment for Provident because, in order for an insured to be entitled to attorney's fees, he must show that the insurance company's denial of the claim was unreasonable or in bad faith. Provident bases this argument on language in Florida appellate court opinions saying that attorney's fees are recoverable only when the insurer has "wrongfully" withheld payment on the claim. *See* Appellee's Br. at 28-29. The plain language of the statute, however, imposes no requirement that an insured demonstrate that the insurer's denial of the claim was unreasonable or in bad faith. And, Provident cites no case law that clearly states these things must be proven. We also disagree with Provident's interpretation of the word "wrongful" in the state court opinions. As we understand the cases, an insurance company "wrongfully" denies the claim if it does so incorrectly, meaning in spite of its duty to do otherwise under the insurance contract. *See Cincinnati Ins. Co. v. Palmer*, 297 So.2d 96, 98 (Fla. App. 1974) ("The fact that the insurer's refusal to pay the amount owed by it under the terms of the policy was in good faith and on reasonable grounds does not relieve the insurer from liability for payment of attorney's fees where it is subsequently found liable on the

5

policy." (citation omitted)); *see also Wollard*, 439 So.2d at 219 and n.2 (stating that, even if it were the case that the insured had been dilatory in its prosecution of the claim and the insurance company had been the impetus for settlement, the insured would be entitled to reasonable attorney's fees if the legal services were necessary).

An award of attorney's fees to an insured may be warranted under Florida law even if an insurer did not act in an unreasonable manner in denying a claim. But, an insured must show that he or she needed to resort to litigation to receive benefits. *Gov't Employees Ins. Co. v. Battaglia*, 503 So.2d 358, 360 (Fla. 5th DCA 1987) ("The purpose of section 627.428 is to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so.") (citing *Crotts v. Bankers & Shippers Ins. Co. of New York*, 476 So.2d 1357, 1358 (Fla. 2d DCA 1985); *Vermont Mutual Ins. Co. v. Bolding*, 381 So.2d 320 (Fla. 5th DCA 1980)). In their summary judgment papers, the parties presented arguments and evidence relevant to the issue of whether litigation was necessary for Miles to receive benefits. The district court made no findings on that issue. Instead, the court based its decisions on the lack of evidence showing a genuine issue of material fact that Provident acted in an unreasonable manner. Because there is no requirement for such a showing, we vacate the district court's

6

decision and judgment.[1]  We remand the case for further proceedings , during which the district court should decide whether the legal services were necessary to the favorable resolution of Miles's previously-denied claim.  *See Wollard*, 439 So. 2d at 219, n.2.

## V.  CONCLUSION

For the foregoing reasons, we vacate the judgment for fees and remand the case to the district court.[2]

VACATED AND REMANDED.

---

[1]In light of our decision, we do not consider whether the district court improperly relied on the evidence submitted by Provident.

[2]Miles's motion for this court to grant him attorney's fees is denied.  However, if the district court determines that Miles's lawsuit was necessary, it should award fees and expenses for the handling of his appeal and determine the amount to be awarded.