PER CURIAM.
Nathan Kaner and his company filed a two-count class action complaint alleging *1135 common law conversion and violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 (the “Act”). Kaner sought to be the class representative. The defendants furnished Kaner with an offer to “consent to judgment” including $2,500 (for five violations of the Act, each carrying a $500 statutory penalty, see 47 U.S.C. § 227(b)(3)(B)), compensable damages associated with the conversion of Kaner’s fax machine, an injunction prohibiting the defendants from engaging in statutory violations, taxable costs, and any other relief that the court determined to be appropriate to satisfy his claims under the complaint. Kaner did not respond to the offer to consent to judgment.
The defendants moved the court to enter the “consent judgment” in Kaner’s favor. Kaner objected and argued that the court should first rule on the issue of class certification. The court held a hearing. Kaner insisted that he did not want to settle the case on an individual basis; he pointed to his fiduciary duty to potential class members and insisted that he could not take money and agree to a dismissal of the case. He also asserted that the defendants’ offer was inadequate, in that it failed to offer treble damages that are available under the Act. A few hours after the hearing, Kaner filed a motion for class certification.
Several days after the hearing, the trial court granted the defendants’ motion for entry of a consent judgment; it did not resolve the class action issue except to note that the defendants had moved for entry of the consent judgment after Kaner could have moved for class certification but before he had done so. Ultimately, the trial court entered a final judgment over Kaner’s objection, concluding that the consent judgment had mooted Kaner’s claims; therefore requiring dismissal of the class action complaint.
The trial court erred in entering a judgment without adjudicating Kaner’s claim for treble damages, which was a part of the relief sought in the complaint. Treble damages are available under the Act “[i]f the court finds that the defendant willfully or knowingly violated [the Act].” 47 U.S.C. § 227(b)(3)(C). The defendants did not offer treble damages; the court could have imposed them only after an evidentiary hearing.
On remand, before entering another final judgment, the court shall also consider and rule on Kaner’s motion to certify the class, which he filed before the entry of the final judgment. See Jackson v. S. Auto Fin. Co., 988 So.2d 721, 722 (Fla. 4th DCA 2008) (in a class action, holding that a defendant’s unaccepted settlement offer for the full amount of the plaintiffs claim, “a practice which is known as ‘picking off a class representative,” did not moot the case); see also Weiss v. Regal Collections, 385 F.3d 337, 345-48 (3d Cir.2004) (in a class action where the named plaintiff had not yet moved for class certification, holding that the defendant’s offer of judgment did not moot the putative class action, where the plaintiff did not display undue delay in moving for class certification; the motion for class certification relates back to the filing of the class complaint).

Reversed and remanded.

POLEN, GROSS and LEVINE, JJ., concur.