# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2498
Lower Tribunal No. 2020CC-002437-0000-00

_____

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellant,

v.

TRUE BUILDERS a/a/o DAVID JOINER and MELANEY JOINER,

Appellee.

_____

Appeal from the County Court for Polk County.
Robert G. Fegers, Judge.

December 13, 2024

TRAVER, C.J.

Universal Property & Casualty Insurance Company ("Universal") appeals the county court's judgment awarding True Builders, as assignee of David and Melaney Joiner ("True Builders"), attorney's fees and costs for a dismissed circuit court lawsuit ("the First Case") and a later-filed county court lawsuit ("the Second Case"). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Because the county court

erred when it entered a judgment that included attorney's fees and costs True Builders incurred in the First Case, we reverse in part.[1]

The Joiners owned a home that Universal insured. After discovering water damage, the Joiners hired True Builders to perform emergency dry-out services and restoration work. They assigned their right to obtain insurance proceeds from Universal to True Builders in exchange for this undertaking.

True Builders then sued Universal in circuit court for breaching the Joiners' insurance policy in the First Case. A dispute later arose between the Joiners and True Builders over the assignment's scope. The Joiners first tried to rescind the assignment, then filed a separate lawsuit against Universal. At bottom, the Joiners contended that they had only assigned True Builders the right to sue Universal for the work True Builders had performed. They argued they did not intend to assign their rights to recover insurance proceeds for separate rebuilding and remodeling work that True Builders did not undertake.

---

[1] We affirm without further comment the county court's fees and costs award in the Second Case. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). We also affirm the county court's decision involving fees and costs for work True Builders' counsel performed before filing the First Case because Universal does not challenge it on appeal. *See Bainter v. League of Women Voters of Fla.*, 150 So. 3d 1115, 1126 (Fla. 2014) ("'Basic principles of due process'—to say nothing of professionalism and a long appellate tradition—'suggest that courts . . . ought not consider arguments outside the scope of the briefing process.'" (quoting *Powell v. State*, 120 So. 3d 577, 591 (Fla. 1st DCA 2013))).

Universal challenged the circuit court's jurisdiction over True Builders' claims in the First Case. It alleged that True Builders' damages did not meet the circuit court's jurisdictional threshold. Universal then moved to consolidate the two lawsuits, which the circuit court did without objection.

The Joiners and True Builders later entered into another assignment agreement. This assignment clarified that True Builders only had the right to sue Universal for the work True Builders had performed. Following this assignment's execution, True Builders moved to transfer its share of the consolidated lawsuit to county court, conceding that its damages did not meet the circuit court's jurisdictional threshold.

Universal objected, claiming it would be inefficient to force it to litigate two cases based on the same loss. True Builders responded that because parties and courts can raise subject-matter jurisdiction at any time, the trial court's failure to transfer the First Case to county court could result in a later dismissal or even the reversal of a successful trial court verdict on appeal. True Builders also expressed understandable frustration that Universal now opposed a transfer based on a jurisdictional issue it first raised. The circuit court twice denied True Builders' request to transfer and ultimately dismissed its second amended complaint without prejudice.

Rather than filing a third amended complaint in the First Case—or seeking appellate relief based on the circuit court's ruling—True Builders filed the Second

3

Case.  Universal demanded the county court consolidate the Second Case into the First Case, and it also sought sanctions against True Builders and its counsel for "gamesmanship" and "egregious misconduct."

Universal later reached a settlement with True Builders in the Second Case.[2] That settlement included an agreement to cover the assigned loss and a stipulation that True Builders was entitled to recover its reasonable attorney's fees and costs. True Builders claimed this entitlement solely under section 627.428(1), Florida Statutes (2016).[3]

The county court conducted an evidentiary hearing to quantify this recovery, after which it entered a thorough order and judgment.  It awarded True Builders its attorneys' fees and costs for the First and Second Cases, as well as fees incurred before it filed the First Case.  While no transcript of this hearing exists, the order and judgment explained that Universal disputed True Builders' fees and costs in the First Case because section 627.428(1)'s plain language precluded an award.  The county court rejected Universal's argument for two reasons. First, it analogized the situation to cases in which appellate courts had awarded relief under section 627.428(1) for

---

[2] Universal hired new counsel, who effectuated this resolution.  That firm also represents Universal on appeal.  Although the county court's order and judgment referenced unreasonable conduct by Universal's prior trial counsel, that attorney is not involved with this proceeding.

[3] The Florida Legislature has since repealed this statute.  Ch. 2023-15, § 11, Laws of Fla. (eff. Mar. 24, 2023).

fees incurred before a plaintiff filed suit or during an arbitration proceeding. *See, e.g.*, *Criterion Ins. v. Gutierrez*, 319 So. 2d 70, 71 (Fla. 3d DCA 1975) (awarding section 627.428(1) attorney's fees and costs for pre-suit work); *Fewox v. McMerit Constr. Co.*, 556 So. 2d 419, 423–25 (Fla. 2d DCA 1989) (holding that under section 627.428, insured or beneficiary can recover attorney's fees and costs incurred during arbitration proceedings), *approved sub. nom.*, *Ins. Co. of N. Am. v. Acousti Eng'g Co. of Fla.*, 579 So. 2d 77, 79–80 (Fla. 1991), *receded from on other grounds by Turnberry Assocs. v. Serv. Station Aid, Inc.*, 651 So. 2d 1173, 1175–76 (Fla. 1995). Second, it found that Universal had acted unreasonably not only by failing to cover the assigned loss, but by raising the jurisdictional issue and then objecting to a jurisdictional transfer. It concluded that this "unreasonable conduct" also supported a fee award in the First Case.

We review de novo the county court's application of section 627.428(1). *See Brass & Singer, P.A. v. United Auto. Ins.*, 944 So. 2d 252, 253 (Fla. 2006). Section 627.428(1) allowed an assignee like True Builders to recover its attorney's fees for litigating a matter to judgment against an insurer:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for

the insured's or beneficiary's attorney prosecuting *the suit in which the recovery is had*.

(Emphasis added.) Universal contends that because True Builders did not recover in the First Case—which the circuit court dismissed—it is not entitled to an award of attorney's fees and costs in that matter.

True Builders first responds that Universal did not preserve this issue for our review because our record does not contain a transcript of the fee hearing. *See Applegate*, 377 So. 2d at 1152 ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the . . . judgment is not supported by the evidence or by an alternative theory."). But we do not require a transcript to address Universal's statutory argument because it appears on the face of the county court's final order and judgment. *See Evans v. Diaz*, 365 So. 3d 1176, 1178 (Fla. 4th DCA 2023) ("While the appellant has not provided a transcript of the hearing . . . this is not fatal to appellate review when the error appears on the face of the record.").

We thus begin our substantive review with section 627.428(1)'s plain language. When interpreting a statute, we follow the supremacy-of-the-text principle. *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020). This principle dictates that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Id*. (quoting

6

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)).

The Second Case was "the suit in which recovery was had." *See* § 627.428(1). Nobody disputes that True Builders recovered nothing in the First Case, a matter that it abandoned following the circuit court's dismissal of its second amended complaint. True Builders nevertheless contends that the county court properly awarded its fees and costs in the First Case when it applied decisional authority expanding section 627.428(1)'s plain language through "the confession of judgment doctrine." *See, e.g.*, *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983); *see also Tampa Chiropractic Ctr., Inc. v. State Farm Mut. Auto. Ins.*, 141 So. 3d 1256, 1258 (Fla. 5th DCA 2014) (outlining doctrine's history). Although section 627.428(1) conditions the recovery of attorney's fees "[u]pon the rendition of a judgment or decree," the *Wollard* Court broadened that language to include situations where an insurer settles the case before a judgment's entry. *See Wollard*, 439 So. 2d at 218; *see also Ivey v. Allstate Ins.*, 774 So. 2d 679, 684–85 (Fla. 2000) (reiterating that it held in *Wollard* that "where an insurer pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or a verdict in favor of the insured"). The *Wollard* Court reasoned that forcing an insured to continue litigating despite an acceptable settlement offer placed "an unnecessary burden on

7

the judicial system, fails to protect any interest . . . and discourages any attempt at settlement."  439 So. 2d at 218.

Courts later applied the confession of judgment doctrine to appraisal and arbitration proceedings, and True Builders urges us to analogize those situations to this one.  *See, e.g.*, *Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 678–79 (Fla. 4th DCA 2005) (holding that under section 627.428, insured or beneficiary can recover attorney's fees and costs incurred during appraisal process); *Fewox,* 556 So. 2d at 423–25 (providing that fees and costs can be recovered in arbitration proceedings).  We respectfully decline True Builders' tacit invitation to approve the county court's expansion of the confession of judgment doctrine by affirming its decision to award fees and costs in the First Case.  To do so, we would have to ignore section 627.428(1)'s limitation of a fee and costs award to "the suit in which recovery is had."

We also reject True Builders' alternative argument, which contends the county court properly entered judgment for its fees and costs in the First Case because Universal "unreasonably [withheld] payment under the policy."  *See Wollard*, 439 So. 2d at 219 n.2.  The *Wollard* Court referenced this "requirement" as a "condition precedent to the award of attorney's fees."  *Id*.  While we do not dispute the county court's conclusion that Universal prolonged this litigation and increased both parties' fees through contradictory jurisdictional challenges, the *Wollard* Court only mentioned this "requirement" in obiter dictum.  Therefore, it has

8

no precedential value and does not bind us. *See Pell v. State*, 122 So. 110, 112 (Fla. 1929); *Mannella v. Mannella*, 363 So. 3d 236, 241 (Fla. 6th DCA 2023). While at least two of our sister courts have viewed this dictum as a holding, they did so in the context of pre-litigation attorney's fees and costs. *See, e.g.*, *United Auto. Ins. v. Gibson, M.D., P.A.*, 355 So. 3d 955, 956 (Fla. 4th DCA 2023); *U.S. Fid. & Guar. Co. v. Rosado*, 606 So. 2d 628, 629 (Fla. 3d DCA 1992). We are not inclined to elevate *Wollard*'s dictum to this level, and we also cannot classify True Builders' work in the First Case as "pre-litigation" efforts.

For these reasons, we reverse the county court's order and judgment in part. On remand, the county court must enter an amended judgment that omits the attorney's fees and costs that True Builders incurred in the First Case. We otherwise affirm.

AFFIRMED in part; REVERSED in part; and REMANDED.

STARGEL and WOZNIAK, JJ., concur.


Andrew A. Labbe and Amber Kourofsky, of Groelle & Salmon, P.A., Port. St. Lucie, for Appellant.

Nicholas A. Shannin, of Shannin Law Firm, P.A., Orlando, and Gregory P. Abaray, of the Law Offices of Allen & Abaray, P.A., Lakeland, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED