WARNER, J.,
concurring specially.
While I concuV in the majority opinion, I do so only because the issue of the propriety of the declaratory judgment is not before us for consideration. I cannot understand why this action is even proceeding where appellee is not seeking any benefits — damages—from its claim. Bristol has already admitted that it made an arithmetical mistake and agrees that MD Read *52 ers’ calculation of reimbursement rates by CPT codes is correct. Assuming MD Readers gets the declaration that it wants, the court will declare the CPT code reimbursement rates for 2004-2005.
However, not one member of the class can collect based upon that declaration. The statutory condition precedent of notice is a substantive requirement. See Menendez v. Progressive Exp. Ins. Co., 35 So.3d 873 (Fla.2010). Each provider must comply with its terms, including furnishing the detailed information mandated in section 627.736(11)(b). The statutory requirement leads me to understand that a class action for benefits would be a practical impossibility, because each provider must serve the statutory notice. See Shenandoah Chiropractic, P.A. v. Nat’l Specialty Ins. Co., 526 F.Supp.2d 1283, 1290 (S.D.Fla. 2007) (concluding that “allowing class notice would, in effect, eliminate the carefully crafted and detailed notice requirement set out in the Florida PIP statute” and that, as a matter of law, “no notice letter sent on behalf of the putative class in this case could be legally sufficient”); but cf. Altamonte Springs Imaging, L.C. v. State Farm Mut. Auto. Ins. Co., 12 So.3d 850 (Fla. 3d DCA 2009) (approving class action settlement in suit over PIP insurer’s failure to correctly pay amounts due for MRI services, without addressing the requirement of a pre-suit demand under the PIP statute).
Moreover, since this is already 2010, any subsequently-filed cause of action for benefits due, either pursuant to contract or statute, would be barred by relevant statutes of limitations. See §§ 95.11(2)(b) and (3)(f), Fla. Stat. Therefore, I cannot envision that a declaration of the proper calculations of fees for services rendered in 2004 and 2005 serves any useful purpose, because the class’s rights are no longer affected by a dispute, see § 86.021, Fla. Stat. (2010), as the time has long since passed for making a claim for benefits under the statute and/or contract.