NORTHCUTT, Judge.
Kass Shuler, P.A., seeks certiorari review of an order by the circuit court, sitting in its appellate capacity, reversing a county court’s award of attorney’s fees to Kass Shuler. We grant the petition in part and deny it in part.
Kass Shuler filed a mortgage foreclosure suit on behalf of a client. Carol Barchard, who was not the mortgagor, was named as a defendant for the purpose of foreclosing any interest she might claim in the foreclosed property. Barchard engaged attorney Alex Weisberg, who sent a demand letter to Kass Shuler asserting that it had violated Florida and federal law by naming Barchard in the foreclosure action. When Kass Shuler rejected the demand, Weis-berg sued the firm in county court, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, section 559.72, Florida Statutes (2009). The court later dismissed the suit with prejudice.
Thereafter, the county court held two evidentiary hearings on Kass Shuler’s motion for attorney’s fees under the two debt collection practices statutes and under sections 57.041 and 57.105(1), Florida Statutes (2009). Following the first evidentiary hearing, the court found that Kass Shuler was entitled to recover its attorney’s fees. The order stated in part:
The evidence presented at the March 9, 2011, hearing proved that [Barchard] *167 and [her] Attorneys knew or should have known that the claims asserted against [Kass Shuler], when initially presented to the court and at any time before trial, were not supported by the material facts necessary to establish the claims, and, that the claims would not be supported by the application of then-existing law to those material facts. The evidence presented at the March 9, 2011 hearing also established that the claims asserted against [Kass Shuler] failed to raise any justiciable issue of law or fact and were brought by [Barchard] and [her] Attorneys in bad faith and for the purpose of harassment.
After the second evidentiary hearing, the county court entered an order taxing fees and costs against Barchard and her attorneys under the various statutes for filing a case that they “knew or should have known raised no justiciable issue of law or fact, and that was filed in bad faith and solely for the purpose of harassment, and that caused a willful and malicious injury to Kass Shuler.” The court further found that 160 hours was reasonably expended, that $350 per hour was a reasonable hourly rate, and that $56,000 was a reasonable fee to be awarded, jointly and severally, against Barchard and her attorneys. The court also awarded costs, which are not at issue here. Finally, the court awarded $5000 to Kass Shuler to be paid by Barchard alone as a sanction for filing grievances with The Florida Bar against four Kass Shuler attorneys, two of whom were apparently unconnected with this litigation. The court found that Barchard filed the grievances as a litigation tactic after her suit was dismissed and that Barchard’s conduct was “unjustified, vicious, willful, and malicious.”
Barchard and her attorneys appealed the fee award to the circuit court, sitting in its appellate capacity. The evidentiary hearings before the county court were never transcribed, and thus the record on appeal did not contain transcripts. Despite Kass Shuler’s argument concerning the inadequacy of the record, the circuit court reversed the fee award. In its opinion, the court observed that it was called upon to review the fee award for an abuse of discretion. Analyzing the federal statute, 15 U.S.C. § 1692k(a)(3), the court noted that fees could be awarded against a plaintiff only for an action brought in bad faith and for harassment. It then stated: “While the trial court made the general finding that it was brought in bad faith for the purpose of harassment, we do not know the basis for the trial court’s determination in this regard and there is no evidence in the record before us to require such a finding.” Finally, the court reversed the sanction against Barchard for filing the Bar grievances, holding that “the trial court lacked authority” to impose this sanction. The court then denied Kass Shuler’s motion for attorney’s fees and costs on appeal and awarded costs to Barchard and her attorneys.
Kass Shuler seeks second-tier certiorari review in this court, and we must determine “whether the circuit court afforded procedural due process and whether it applied the correct law.” Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000) (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995), which noted that “ ‘applied the correct law1 is synonymous with ‘observing the essential requirements of law’ ”). Applying the incorrect standard of review is a departure from the essential requirements of law. Duke v. State, 82 So.3d 1155, 1158-59 (Fla. 2d DCA 2012).
Here, the circuit court’s holding that there was no evidence to support the county court’s finding of Barchard’s bad faith violated one of the most basic tenets of *168 appellate review, i.e., that it is the appellant’s burden to demonstrate error. “It is well established that the party seeking appellate review has the burden of providing the court with an adequate record of the proceedings in the lower tribunal. An appellate court cannot reverse a decision in the absence of a sufficient record.” Philip J. Padovano, Florida Appellate Practice § 12.3 (West’s Fla. Prac. Series 2011-12 ed.) (emphasis added) (footnote omitted). Applying this well-established principle, the Florida Supreme Court quashed a district court opinion that had reversed a final order in the absence of a trial transcript. In the seminal case of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979), the supreme court explained:
The trial court’s imposition of a constructive trust could well be supported by evidence adduced at trial but not stated in the judge’s order or otherwise apparent in the incomplete record on appeal. The question raised by Barnett Bank clearly involves underlying issues of fact. When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.
In the instant case, Barchard provided neither transcripts of the hearings on attorney’s fees nor a settled and approved statement of the evidence under Florida Rule of Appellate Procedure 9.200(b)(4). Under clearly established law, the circuit court was obliged to affirm the county court’s judgment (but only in part, as we will explain) because the record brought forward by Barchard was inadequate to demonstrate reversible error. Accordingly, we grant the petition in part and quash that portion of the circuit court’s order that reversed the award of attorney’s fees to Kass Shuler. We also quash the circuit court’s denial of Kass Shuler’s motion for appellate fees and its award of costs to Barchard.
We deny the petition insofar as it challenged the circuit court’s reversal of the $5000 sanction imposed against Barch-ard for filing Bar grievances. An individual who files a Bar complaint against an attorney and makes no public announcement of the complaint enjoys absolute immunity. Tobkin v. Jarboe, 710 So.2d 975, 977 (Fla.1998). The circuit court afforded procedural due process and applied the correct law in ruling that the trial court lacked authority to impose a monetary sanction based on Barchard’s filing of Bar grievances.
Petition granted in part; denied in part.
ALTENBERND and BLACK, JJ., Concur.