PETTIGREW, J.,
dissents, and assigns reasons.
hit should be noted that under the facts of this case, we are not dealing with an invalid uninsured/underinsured motorist coverage rejection form, but we are dealing with a valid form. An uninsured/un-derinsured motorist coverage rejection form is a legal document that has legal consequences if properly executed. Though Zurich did not need, nor were they-obligated, to get its insured to execute another uninsured/underinsured coverage rejection form for the renewal period of October 1, 2009, through October 1, 2010, the uncontested facts of this case establish that Zurich did get its insured to execute another form. By doing so, that document had legal consequences. The requirements to properly reject uninsured motorist coverage are set out in Duncan v. USAA Ins. Co., 950 So.2d 544 (La.2006), at 551-552. The fact is, the insured through its authorized officer, Coussan, did not reject uninsured motorist or underinsured-motorist coverage on the form submitted to him by Zurich. Since, he did not reject uninsured motorist coverage, by law, he has uninsured motorist coverage or under-insured motorist coverage under the Zurich policy at issue in this case. Dixon v. Direct General Ins. Co. of Louisiana, 2008-0907 (La.App. 1 Cir. 3/27/09), 12 So.3d 857. See also La. R.S. 22:1295 lA(ii),
... An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the Commissioner of Insurance....
This is exactly what happened in this case.
In my humble opinion, the trial court’s granting of summary judgment in favor of Zurich should be reversed.