# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1895
Lower Tribunal No. 18-466
_____

**Nedean Williams,**
Appellant,

vs.

**Jessica L. Kerr, P.A., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Nedean Williams, in proper person.

Jessica L. Kerr, P.A. d/b/a The Advocacy Group, and Jessica L. Kerr (Ft. Lauderdale); The Law Offices of Jeffrey N. Golant, P.A., and Jeffrey Golant (Coral Springs), for appellees.

Before FERNANDEZ, LOGUE, and MILLER, JJ.

MILLER, J.

Appellant, Nedean Williams, appeals a final order authorizing the disbursement of escrowed settlement funds pursuant to a charging lien and contingency fee agreement. On appeal, Williams contends that the trial court abused its discretion in rejecting allegations that her attorneys colluded with one another to defraud her out of settlement proceeds. For the reasons set forth below, we affirm.

The trial court was charged with apportioning settlement proceeds following the resolution of litigation. The court declined to summarily adjudicate the competing interests, and, instead, convened a duly scheduled, multi-hour evidentiary hearing prior to rendering its final ruling. The record on appeal contains no transcript of the hearing.

"It is well established that the party seeking appellate review has the burden of providing the court with an adequate record of the proceedings in the lower tribunal." Kass Shuler, P.A. v. Barchard, 120 So. 3d 165, 168 (Fla. 2d DCA 2013) (quoting Philip J. Padovano, *Florida Appellate Practice* § 12.3 (West's Fla. Prac. Series 2011–12 ed.) (footnote omitted)). "An appellate court cannot reverse a decision in the absence of a sufficient record." Id. (emphasis omitted). This is because "[w]ithout a record of the trial proceedings, the appellate court can [not] properly resolve the underlying factual issues so as to conclude that the trial court's

judgment is not supported by the evidence or by an alternative theory."[1] <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979). Thus, "when no transcript is provided, a judgment that is not fundamentally erroneous will be affirmed." <u>Arnold v. Whitley, Jr.</u>, 97 So. 3d 339 (Fla. 5th DCA 2012).

Here, Williams has not brought forward any substitute for a trial transcript.[2] The errors articulated on appeal necessarily implicate some factual determinations and are not apparent on the face of the record. Thus, we find no demonstration of error and affirm the final order under review. <u>Applegate</u>, 377 So. 2d at 1152.

Affirmed.

---

[1] As was aptly penned by now Justice Canady in <u>Esaw v. Esaw</u>, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007): "The most salient impediment to meaningful review of [a] trial court's decision is . . . the absence of a transcript."

[2] <u>See</u> Fla. R. App. P. 9.200(b)(5).