# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1423
Lower Tribunal No. 19-32341 SP
_____


**Echcho Maria Hart,**
Appellant,

vs.

**Dade County Federal Credit Union,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Miesha S. Darrough, Judge.

Shrouder, Karns & Mager, P.A., and Larry A. Karns (Cooper City), for appellant.

Dunn Law, P.A., and Jerrod M. Maddox, for appellee.


Before FERNANDEZ, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Appellant has not met her burden of providing this Court with an adequate record of the proceedings before the trial court.  See Williams v. Jessica L. Kerr, P.A., 271 So. 3d 82, 83 (Fla. 3d DCA 2019) ("It is well established that the party seeking appellate review has the burden of providing the court with an adequate record of the proceedings in the lower tribunal." (quoting Kass Shuler, P.A. v. Barchard, 120 So. 3d 165, 168 (Fla. 2d DCA 2013))).  This is abundantly clear as the record on appeal contains no transcript of the trial proceeding before the lower court.  As this Court recently held in Williams:

> "An appellate court cannot reverse a decision in the absence of a sufficient record."  [Kass Shuler, 120 So. 3d at 168] (emphasis omitted). This is because "[w]ithout a record of the trial proceedings, the appellate court can [not] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). Thus, "when no transcript is provided, a judgment that is not fundamentally erroneous will be affirmed." Arnold v. Whitley, Jr., 97 So. 3d 339 (Fla. 5th DCA 2012).

271 So. 3d at 83 (alternations in original) (footnote omitted).

"The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript." Esaw v. Esaw, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007).  Indeed, an

2

appellant's failure to provide a proper record to the reviewing court "is 'usually fatal' to the appellant's claims." Id. at 1264-65 (quoting Casella v. Casella, 569 So. 2d 848, 849 (Fla. 4th DCA 1990)). "Without such a record, it will ordinarily be impossible for the appellant to establish that an asserted error is harmful." Id. at 1265. Accordingly, we affirm.

Affirmed.