# Third District Court of Appeal

## State of Florida

Opinion filed July 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1413
Lower Tribunal No. 17-8285
_____

**Combined Services, Inc.,**
Appellant,

vs.

**City of Opa-Locka, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Sobota P.L., and Peter Sobota (Davie); Greenspoon Marder LLP, and John H. Pelzer (Ft. Lauderdale), for appellant.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis; Michael A. Pizzi, Jr., P.A., and Michael A. Pizzi, Jr.; Reiner & Reiner, P.A., and David P. Reiner, II; Kozyak Tropin & Throckmorton LLP, and Dwayne A. Robinson and Detra Shaw-Wilder, for appellees.


Before FERNANDEZ, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant Combined Services, Inc. appeals from an order denying its motion for exclusion from class and an order denying its motion to intervene.[1] Combined Services contends that the trial court abused its discretion when it did not allow Combined Services to opt-out of a class action over two years after the opt-out deadline. Combined Services also argues that an amended class definition resulted in fundamental error. For the reasons set forth below, we hold that the trial court did not abuse its discretion and that no fundamental error has occurred. We therefore affirm.

## I.    BACKGROUND

This appeal arises from a 2017 class action against Appellee the City of Opa-Locka for allegedly overbilling customers for water usage. Combined Services, which is not a named class representative, is an industrial, large-scale water customer that provides laundry services to numerous health facilities. In June 2019, the trial court certified two classes: an overbilled class and a water deposit class. Only the overbilled class is relevant here. Notice (the "2019 Notice") was mailed to 12,202 potential class members

---

[1] Both orders were entered after rendition of a final order approving class settlement. We have jurisdiction. See, e.g., Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So. 2d 78, 79 (Fla. 1976) ("Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment . . . .").

using water utility billing records.  Notice was also posted on a public website.  The 2019 Notice set an opt-out deadline of October 31, 2019.  Combined Services did not submit an opt-out form by the October 31 deadline.[2]

The City appealed the class certification, and this Court affirmed certification of the overbilled class in a January 2021 written opinion.[3]  See City of Opa-Locka v. Suarez, 314 So. 3d 675, 681-82 (Fla. 3d DCA 2021) ("We conclude the Plaintiffs seeking to represent the overbilled class carried their burden of pleading and proving the elements required by rule 1.220, and the trial court did not abuse its discretion in certifying the overbilled class pursuant to Florida Rule of Civil Procedure 1.220.").

After remand, the named class representatives and the City entered into a Settlement Agreement.  The parties agreed to amend the class definition to correct a "fail-safe issue and to more clearly define as Class Members all persons and entities who had residential and/or commercial water utility accounts with the City that were active anytime during the Class

---

[2] The record reflects that ten customers timely opted out: eight corporate entities and two individuals.

[3] This Court reversed class certification as to the water deposit class holding that these customers have not yet suffered an injury.  Suarez, 314 So. 3d at 680 (Fla. 3d DCA 2021) ("The uncontroverted evidence demonstrated that Plaintiffs seeking to represent a water deposit class have suffered no damages and therefore have no standing to proceed in this case.").

Period . . . ."  In February 2022, the trial court granted preliminary approval of the Settlement.

Notice of Class Action Settlement (the "2022 Notice") was sent to all water customers who did not opt out, using the same list that was used for the 2019 Notice.  The 2022 Notice set a March 11, 2022 deadline to object to the Settlement.  Combined Services filed a timely objection on March 11, raising only one objection: "Given that the settlement amount will be applied *pro-rata*, it is likely that [Combined Services] will receive only pennies on the dollar."[4]  Counsel for Combined Services attended the final approval hearing on March 24, 2022.[5]

After the March 11 deadline to object and the March 24 final approval hearing and years after the October 2019 deadline to opt-out, Combined Services, on March 30, 2022, filed a Motion for Exclusion from Class (Opt-Out) arguing for the first time that it did not receive the 2019 Notice.

---

[4] Combined Services does not challenge the fairness of the Settlement on appeal.

[5] Combined Services does not claim that it raised any additional objections at the hearing.  Moreover, Combined Services has failed to provide this Court with the March 24 hearing transcript.  See Williams v. Jessica L. Kerr, P.A., 271 So. 3d 82, 83 (Fla. 3d DCA 2019) ("It is well established that the party seeking appellate review has the burden of providing the court with an adequate record of the proceedings in the lower tribunal." (quoting Kass Shuler, P.A. v. Barchard, 120 So. 3d 165, 168 (Fla. 2d DCA 2013))); Fla. R. App. P. 9.200(e).

Combined Services claimed that if it had received the 2019 Notice, it would have timely opted out. Combined Services conceded that it received the 2022 Notice but did not explain why it did not raise its lack of notice argument in its timely March 11 objection or at the March 24 hearing.

In July 2022, the trial court entered a final order approving the class but retained jurisdiction to rule on pending opt-out motions. In August 2022, Combined Services filed a motion to intervene, with supporting affidavit, again challenging the fairness of the Settlement and arguing that it did not receive actual notice of the class action prior to February 2022.

The trial court held a hearing on Combined Services' opt-out motion and its motion to intervene in September 2022. The court accepted Combined Services' assertion that it did not receive the 2019 Notice but ultimately denied the opt-out motion because "actual notice is not a requirement, so long as . . . the method of notice is reasonably calculated to go to everybody, and the method of notice was to mail it to everybody and to publish it and to have a website about it . . . ." The court also denied Combined Services' motion to intervene.[6]

---

[6] We agree with Combined Services that "[i]t is permissible for an unsuccessful objector to move to intervene after judgment in order to be able to appeal." Ramos v. Philip Morris Cos., Inc., 714 So. 2d 1146, 1148 (Fla. 3d DCA 1998). However, a trial court's denial of a motion to intervene does not bar an appeal. Id. "[T]he appropriate procedure is to appeal both the

Combined Services timely appealed.

## II.    ANALYSIS

We review the trial court's approval of the Class Action Settlement under the abuse of discretion standard.  Barnhill v. Fla. Microsoft Anti-Tr. Litig., 905 So. 2d 195, 199 (Fla. 3d DCA 2005); see also Altamonte Springs Imaging, L.C. v. State Farm Mut. Auto. Ins. Co., 12 So. 3d 850, 854 (Fla. 3d DCA 2009) (reviewing class action settlement objections under the abuse of discretion standard).

On appeal, Combined Services argues that the 2019 Notice was inadequate.  Specifically, Combined Services contends that instead of the 2019 Notice being mailed by a commercial mailing service to water customers, the best and most practical method would have been to include a notice in each customer's monthly water bill.

Florida Rule of Civil Procedure 1.220(d)(2) requires that notice shall be given "in the manner determined by the court to be most practicable under the circumstances."  Based on the record before us, we cannot conclude that the trial court abused its discretion when it determined that the 2019 Notice—

---

final judgment and the order denying intervention."  Id.  Combined Services followed this procedure.  The appellate court may then "consider the merits of the challenge to the settlement."  Id.  Because Combined Services does not prevail on the merits of its challenge to the Settlement, we affirm without further discussion the trial court's order denying intervention.

which was mailed to over 12,000 past and present water customers with accounts during the class period and posted to a public website—satisfied this standard.

Combined Services also argues that the Settlement impermissibly expanded the class. According to Combined Services, this occurred when the named class representatives and the City clarified the class definition by adding the following language (in bold):

> All City of Opa-Locka water utility customers . . . who paid **or were charged for** water utility services in excess of the amounts they were liable to pay as calculated based on reasonable rates and functioning and accurate water meters and readings.

Combined Services contends that it fell outside the 2019 class definition because it had not actually paid, and it only became part of the class when the definition was amended to include customers who were overbilled. Consequently, Combined Services asserts that we must vacate the Settlement and remand for the trial court to start anew with the class certification process.

As an initial matter, it is undisputed that Combined Services never raised this argument below. "The rule of preservation, which is a keystone in our appellate process, dictates that '[i]n the absence of fundamental error, an appellate court will not consider an issue that has been raised for the first time on appeal.'" Vorbeck v. Betancourt, 107 So. 3d 1142, 1147 (Fla. 3d

7

DCA 2012) (quoting <u>Keech v. Yousef</u>, 815 So. 2d 718, 719 (Fla. 5th DCA 2002)).  In an attempt to remedy the lack of preservation, Combined Services argues that the trial court committed fundamental error in approving the Settlement and amended class definition.

The Florida Supreme Court has defined fundamental error, which is a narrow exception to the preservation requirement, as "error which goes to the foundation of the case or goes to the merits of the cause of action." <u>Sanford v. Rubin</u>, 237 So. 2d 134, 137 (Fla. 1970).  Importantly, we exercise our "discretion under the doctrine of fundamental error very guardedly."  <u>Id.</u>

In support of its fundamental error argument, Combined Services contends that the amended class definition resulted in a violation of its due process rights.  <u>See</u> <u>Chiu v. Wells Fargo Bank, N.A.</u>, 242 So. 3d 461, 464 (Fla. 3d DCA 2018) ("A denial of due process constitutes fundamental error that may be raised for the first time on appeal.").  Based on the record before us, we disagree.

It is undisputed that Combined Services received notice of the Settlement in February 2022.  Combined Services timely filed an objection and attended the final approval hearing.  Combined Services then filed additional motions and attended other hearings until the trial court's final resolution of its motions in September 2022.  Combined Services undoubtedly had ample notice of the amended class definition and

8

opportunity to be heard over the course of several months. See A & S Entm't, LLC v. Fla. Dep't of Revenue, 282 So. 3d 905, 908 (Fla. 3d DCA 2019) ("The basic cornerstones of procedural due process are notice of the case and an opportunity to be heard.").

Further, we reject Combined Services' contention that the amended class definition was an impermissible expansion as applied to Combined Services. From the beginning of the class certification process below, the relevant class has been referred to as the "overbilled" class, and this remained consistent throughout the proceedings. Indeed, this Court consistently referred to the relevant class as the overbilled class in our January 2021 opinion affirming class certification. See Suarez, 314 So. 3d 675.

But most fatal to Combined Services' argument is that it consistently took the position below that it fell within the original definition of the overbilled class and that it would have timely objected had it received the 2019 Notice. Combined Services cannot now take an inconsistent position on appeal and argue that fundamental error has occurred. See, e.g., Harper ex rel. Daley v. Toler, 884 So. 2d 1124, 1135 (Fla. 2d DCA 2004) ("[A] party may not ordinarily take one position in proceedings at the trial level and then take an inconsistent position on appeal."); Montero v. Compugraphic Corp., 531 So.

9

2d 1034, 1036 (Fla. 3d DCA 1988) ("A litigant cannot, in the course of litigation, occupy inconsistent and contradictory positions.").

**III.  CONCLUSION**

The trial court did not abuse its discretion in denying Combined Services' opt-out motion.  Moreover, Combined Services has not established that fundamental error occurred with respect to the amended class definition. Accordingly, we affirm the orders on appeal.

Affirmed.